UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:13-cr-00619-EJD (PSG) |
| v. | **ORDER DENYING MOTION TO COMPEL** |
| HECTOR LOPEZ-BANUELOS, | **(Re: Docket No. 31)** |
| Defendant. | |

The instant motion seeks the disclosure of information in the custody or control of local government officers involved in the investigation and arrest of Hector Lopez-Banuelos. On January 27, 2014, the parties appeared for oral argument. Having considered the papers and the arguments of counsel, the court now DENIES Defendant's motion to compel.

## I.   BACKGROUND

Following up on information received from a confidential informant, on May 9, 2013, officers of the Seaside and Monterey Police Departments and the Monterey County Probation Office conducted a search of Lopez-Banuelos' residence and vehicle. No warrant, or even

1
Case No.: 5:13-cr-0619-EJD (PSG)
ORDER DENYING MOTION TO COMPEL

suspicion, was required for the search because of Lopez-Banuelos' probation status.[1]  The search revealed a pay-owe sheet, $1785 in small bills, a scale with methamphetamine on it, a cutting agent for cocaine, a kilogram of cocaine, more than a pound of 100% pure methamphetamine, a loaded handgun with 50 rounds of ammunition, and a bulletproof vest.

After his arrest, Lopez-Banuelos was allegedly transported in a California Highway Patrol vehicle, held in local custody, and, at some point, questioned by local agents.  On September 4, 2013, a criminal complaint was filed charging Lopez-Banuelos with possession of methamphetamine with intent to distribute. To date, however, only three short documents have been produced regarding the post-arrest period, and Lopez-Banuelos allegedly made numerous statements during the questioning that are not reflected in this documentation.  Pursuant to Fed. R. Crim. P. 16(a), *United States v. Brady*,[2] and *United States v. Giglio*,[3] Lopez-Banuelos brings the instant motion to compel the government to produce a summary of any statements he gave during that time, any documentation or agent notes produced, and any information that may be available regarding the confidential informant tip-off that lead to the probation search.[4]

## II.   LEGAL STANDARDS

Fed. R. Crim. P. 16(a)(1)(A) requires that "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."  Rule 16(a)(1)(B)(ii) further requires the disclosure of "the portion of any written record containing the substance of any relevant oral statement made

---

[1] *See* Docket No. 1 at 3; *see also People v. Bravo*, 43 Cal. 3d 600, 610 (1987).

[2] 373 U.S. 83 (1963).

[3] 405 U.S. 150 (1972).

[4] The original motion also sought information regarding CHP's involvement in Banuelos-Lopez' arrest and detention, but that request was withdrawn in the reply brief.

2
Case No.: 5:13-cr-0619-EJD (PSG)
ORDER DENYING MOTION TO COMPEL

before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Rule 16(a)(1)(E) provides for the inspection of various physical objects if they are within the government's custody, possession, or control. These rules establishes "a broad right to discovery" for criminal defendants, covering both exculpatory and inculpatory evidence, so long as it may be relevant to the preparation of a defense.[5] To compel discovery under Rule 16, the "defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense;" "'general description [s] of the information sought [or] conclusory allegations of materiality' are insufficient."[6]

### III.   DISCUSSION

After withdrawing one of his requests in the reply brief, Lopez-Banuelos now seeks the disclosure of two broad categories of information: 1) the content of any statements given to local officers after his arrest and 2) the nature of the local investigation leading to his arrest, including tips by any confidential informant. The government opposes the motion as to both sets of information because it claims not to have the information sought, which, it argues, absolves it of any obligation to produce such information.

The government is correct as to any information in the custody of local agencies of which the federal government is not aware. The Ninth Circuit addressed precisely this point in *United States v. Sanchez*, when it held that "the [federal] government has no obligation to produce information which it does not possess or of which it is unaware."[7] In that case, the defendant attempted to argue that the federal government had an obligation to produce information about the

---

[5] *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

[6] *Id* at 1183-84.

[7] *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995).

3
Case No.: 5:13-cr-0619-EJD (PSG)
ORDER DENYING MOTION TO COMPEL

status of a confidential informant of which it was not aware but which was in the custody of the local sheriff's department.  The Ninth Circuit flatly rejected that argument, and the defense has failed to articulate any way in which this case differs from *Sanchez*.  The federal government therefore is not and shall not be required to produce any information of which it is unaware that may be in the custody of local law enforcement agencies.  The government has declared that it has produced all such information of which it is aware, and this is sufficient.  The motion is DENIED as to any other information that may be in the custody of local agents.

**IT IS SO ORDERED.**

Dated: February 13, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge