**THOMAS J. FERRITO**
**Attorney At Law**
  **SBN 45133**
**101 Church Street, Suite 14**
**Los Gatos, California 95030-6928**
   **Telephone: (408) 354-6655**
   **Facsimile: (408) 354-6585**

Attorney for Defendant
Hector David Lopez-Banuelos

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | NO. CR-13-00619 EJD |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | SENTENCING MEMORANDUM |
| ] | ON BEHALF OF DEFENDANT |
| ] | HECTOR DAVID LOPEZ-BANUELOS |
| HECTOR DAVID LOPEZ-BANUELOS,] | |
| ] | |
| ] | |
| Defendant. ] | |

In accordance with Local Rule 32-5(b) defendant HECTOR DAVID LOPEZ-BANUELOS respectfully submits, through counsel, this Sentencing Memorandum.

**INTRODUCTION**

Based upon defendant's adjusted offense level of 32, and a criminal history III, the USPO has recommended that defendant

---

DEFENDANT'S SENTENCING MEMORANDUM

1

HECTOR DAVID LOPEZ-BANUELOS be sentenced to imprisonment for a total of 211 months (151 plus 60).

Defendant submits that a reasonable and appropriate sentence under the Sentencing Guidelines and 18 U.S.C. Section 3553(a) would be 180 months (the mandatory minimum of 120 plus 60).

In the event the court decides based upon his unresolved objection to the PSR regarding acceptance of responsibility that the defendant is entitled to a two-point reduction of his offense level, a reasonable and appropriate sentence, based upon an adjusted offense level of 30, would be 181 months (the USSG low end of 121 months plus 60 months).

Either of these sentences urged by the defendant would be sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 USC Section 3353(a)in his case.

### **DEFENDANT'S UNRESOLVED OBJECTION TO THE PSR**
### **REGARDING ACCEPTANCE OF RESPONSIBILITY**

Defendant HECTOR DAVID LOPEZ-BANUELOS should receive a two-level reduction in his adjusted offense level from 32 to 30 pursuant to USSG 3E1.1. (See USSG 3E1.1, application notes 2, 5 and 6.)

He anticipates testimony from his former counsel, FPD Robert Carlin, will demonstrate that he was willing to accept responsibility and enter a guilty plea in this case, but for the

unreasonable and self-serving position taken by the former AUSA, Casey O'Neil during their negotiations.

Because of Mr. O'Neil expressed a desire to gain trial experience by trying this case in which the evidence of guilt was overwhelming, defendant LOPEZ-BANUELOS was left with no alternative but to proceed with his motion to suppress evidence and, after that was denied, with a trial in which he presented no evidence and in which during closing argument he conceded the first three counts, and as to the fourth count argued the inapplicability of the law.

As recognized by the court in **United States v. Johnson**, 956 F.2d 894 (9th Cir. 1992),

> [T]he Guidelines make an effort not to penalize a defendant for asserting his constitutional right to a trial, but go dangerously close to imposing such a penalty. Yet it is established that to penalize a defendant for exercising a constitutional right is unconstitutional. **United States v. Watt**, 910 F.2d 587, 591-92 (9th Cir.1990). The commentary adds: "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction." U.S.S.G. § 3E1.1.

In proceeding to trial, rather than denying the essential factual elements of guilt, defendant LOPEZ-BANUELOS relied upon

DEFENDANT'S SENTENCING MEMORANDUM

3

his Constitutional Rights of presumption of innocence, burden of proof and the Fifth Amendment.

Contrary to paragraph 15 of the PSR, defendant has accepted responsibility for his offense. Specifically, during his PSR interview while discussing his future plans, he volunteered: "**I feel very bad for what I did**, especially for my young daughters." (PSR, para 48)

In **United States v. McKinney**, 15 F.3d 849, 852 (9th Cir. 1994) (citing **United States v. Gonzalez**, 897 F.2d 1018, 1020 (9th Cir. 1990)), the court held that

> …nothing in the guidelines requires a Defendant to plead guilty in order to receive the reduction." "Indeed, were a defendant required to plead guilty to be entitled to the reduction, the sentencing guidelines would penalize the exercise of the constitutional right to go to trial." Id. (citing **United States v. Johnson**, 956 F.2d 894, 904 (9th Cir. 1992)). Consequently, Section 3E1.1 has been construed to permit a downward departure even where the defendant contests his factual guilt at trial as follows: ... [I]n appropriate circumstances, the reduction is also available in cases in which the defendant manifests genuine contrition for his acts but nonetheless contests his factual guilt at trial. * * * Where the defendant statements make it clear that his contrition is sincere, however, he is entitled to the reduction even if he is convicted after trial. **United States v. McKinney**, *supra* at 853. (Underlining added.)

The court in **United States v. Manzanares-Sanabria**, 814 F.Supp.2d 1155 (D.N.M. 2011) noted that "…[T]he determination of the sentencing judge is entitled to great deference on review."

DEFENDANT'S SENTENCING MEMORANDUM

4

**United States v. Ivy**, 83 F.3d 1266, 1292-93 (10th Cir.)(quoting U.S.S.G. § 3E1.1 application note cmt. 5), cert. denied, 519 U.S. 901, 117 S.Ct. 253, 136 L.Ed.2d 180 (1996).

## 18 U.S.C. 3553 FACTORS FOR CONSIDERATION BY THE COURT[1]

The factors to be considered "in determining the particular sentence to be imposed" are set forth in 18 U.S.C. 3553(a).

Some of those factors are:

1. <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

Defendant HECTOR DAVID LOPEZ-BANUELOS is a 35 year old undocumented immigrant from Mexico, where he was born. (PSR, para. 40)

However, his personal history and characteristics are unlike those of most undocumented immigrants from Mexico who become involved in drug trafficking and are caught, sentenced and eventually deported. These characteristics merit consideration as evidence of his potential to live a meaningful and productive life after he serves the sentence imposed in this case.

One of seven children (PSR, para. 40), he had a middle-class upbringing. However, he did not finish middle school because he "worked very hard" assisting his father, a small

---

[1] The USPO did not identify any 18 U.S.C. 3553(a) factors in the draft PSR.

DEFENDANT'S SENTENCING MEMORANDUM

5

cattle rancher and butcher shop owner. (PSR, para. 41, 53 and 56)

Although the family was economically stable, he left the small town of Nayarit where he was raised by his parents along with his six siblings, and at age 17 moved to Salinas, California to live with a sister. (PSR, para. 42) After his first marriage and becoming a father, he was granted Legal Permanent Resident status in 2004. (PSR, para. 43) After a divorce, he married again and had two more children. (PSR, para. 45) While living in the United States, LOPEZ-BANUELOS has worked as a restaurant cook and has been a self-employed operator of a catering truck in order to support his wife and three children. (PSR, para.54 and 55)

2. <u>To protect the public from further crimes of the defendant.</u>

According to the USPO, LOPEZ-BANUAELOS at age 35 has a criminal history of III. (PSR, para   .) This criminal history is a result of his use and abuse of drugs and alcohol. (PSR, para. 52)

While it is not anticipated that LOPEZ-BANUELOS will ever commit other crimes, he clearly will not be able to commit any crimes affecting the public while serving his sentence, and once

DEFENDANT'S SENTENCING MEMORANDUM

6

he has served his sentence, he will likely be deported to Mexico in which case the public will be protected.

During his PSR interview he expressed very realistic and achievable plans for his future. Specifically, he stated that he was "not going to come back [to the U.S.]", and would "try to start a restaurant in [his} home town." He added that his father is willing to help him start a business in Mexico, and advised him: "Don't go back to the U. S. Stay here [in Mexico] and I will help you." (PSR, para. 48)

These considerations, as well as a sentence of 180 or 181 months, will protect the public from further crimes of the defendant.

3. <u>To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

While he has about 17 years of experience as a cook LOPEZ-BANUELOS could benefit from vocational training while in custody.

Although he has sustained some serious injuries, he is in good health physically, mentally and emotionally (PSR, para. 49and 51) and would not require medical care while in custody. However, it would appear that he could benefit from alcohol and drug rehabilitation/treatment programs.

DEFENDANT'S SENTENCING MEMORANDUM

7

If he is not deported after he completes serving his sentence or does not return voluntarily to Mexico, LOPEZ-BANUELOS can achieve his future plans of opening a restaurant by taking advantage of the programs which would be available to him while serving his sentence and as would be offered by the USPO through supervised release.

### DEFENDANT'S SENTENCING REQUEST

Defendant HECTOR DAVID LOPEZ-BANUELOS urges the court, after considering the 18 U.S.C. 3553 factors and arguments set forth above, to exercise its discretion by imposing a sentence of imprisonment for either 180 or 181 months.

Such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 USC Section 3353(a).

Dated: January 28, 2015.

                        Respectfully submitted,

                        _/s/_____
                        THOMAS J. FERRITO
                        Attorney for Defendant
                        HECTOR DAVID LOPEZ-BANUELOS